D. PENDER v. GRIFFIN, BRO. & CO.

A judgment taken against A, B and C, no service of summons having been made upon A is as to A erroneous.

CIVIL ACTION, tried before *Watts, J.*, at Spring Term, 1873, Halifax Superior Court.

The facts necessary to an understanding of the case as decided in this Court are sufficiently set out in the opionion of the Court.

From the judgment of the Court below against the defendants, they appealed to this Court.

*Smith & Strong* and *Clark & Mullen*, for appellants.
*Haywood, Busbee & Busbee* and *Bridgers*, contra.

RODMAN, J. On 30th September, 1872, the plaintiff issued a summons to the sheriff of Halifax county, against W. H. Griffin, Samuel H. Griffin and A. Capehart, partners under the name of Griffin Brothers & Co , alleging that said firm had made a note which had duly come to the plaintiff and demanding payment thereof, &c. This summons was returned " defendants not to be found in my county."

At Fall Term 1872, the plaintiff filed his complaint, a copy of which and of the summons was forwarded by mail to the two Messrs. Griffin at New York.

On 30th September, 1872, the plaintiff applied to the Clerk of the Superior Court of Halifax for an attachment against certain property of the defendants upon an affidavit in which he stated :

1. That defendants were indebted to him, &c.

2. That the two defendants, Griffin, were non-residents of this State, and resided in New York. Nothing is said of Capehart.

3. That defendants own an interest in a certain piece of land in Halifax conveyed by one Eppes to W. H. Griffin.

Upon this the Clerk of Halifax Superior Court issued an attachment on 31st September, 1872, which on 2d October, 1872, the sheriff levied on the right of Griffin & Brothers in the land mentioned.

On 30th September, 1872, the plaintiff upon an affidavit of the non-residence of the defendants Griffin, procured an order for making them parties by publication, which was accordingly made.

On 12th November, 1872, a notice from the sheriff of Halifax was served on Clark & Mullen and on W. N. H. Smith, described as attornies for Griffin Brothers, to the effect that he had levied on a debt due by Eppes to Griffin Bro. & Co. for a certain sum, &c., collaterally secured by a deed in trust upon the land above mentioned, " which debt you have for collection in the case of W. H. Brickell, guardian, H. D. Ponton and wife, and others, against Griffin Bro. & Co., now pending, &c.," and requiring the said attornies to furnish him with a certificate, &c.

At Spring Term, 1873, Griffin Brothers & Co., by their attorneys, answered the complaint. At least the record before us says they did. But the answer set forth is merely the answer of the above named attorneys to the notice served on them. It does not appear that the Griffins ever appeared to the summons or answered the complaint. We consider the statement in the record to that effect as a clerical error, but in the view we take of the case it is not material. The answer of the attorneys need not now be set forth. Upon hearing it, however, the Judge discharged them, from which judgment the plaintiff appealed to this Court.

At the same term, (Spring Term, 1873,) the Judge apparently supposing that the defendants had appeared and answered the complaint, which so far as appears to us from the record before us, they never did, gave judgment against all the defendants, including Capehart, for the debt demanded

in the summons and complaint. From this judgment the defendants appealed. It is the correctness of this judgment which we are now to consider.

1. The judgment is certainly erroneous as to Capehart, and must have been rendered by inadvertence. He was not personally served, and it is no where alleged that he was a non-resident.

2. As to the two Griffins, we think the service on them was regular and sufficient. C. C. P., section 83, sub-section 3, and section 84.

3. As to the effect of the attachment upon the real estate levied on, and upon the claim against Eppes in the hands of the attorneys of Griffin Brothers & Co., the facts are not sufficiently stated to enable us to arrive at any conclusion as to the rights of the parties. The same question more fully stated is presented in the case of *Ponton* v. *Griffin*, *post.*, in which the present plaintiff claims the fund arising from the debt of Eppes to Griffin Brothers & Co.

PER CURIAM. 1. Judgment against Capehart reversed, with costs to him against the plaintiff.

2. Judgment against the two Messrs. Griffin for the debt affirmed, with costs against them to the plaintiff.

3. The order discharging the attorneys is reversed, and the case may be remanded for further proceedings if desired.